WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael Anthony Williams,<br><br>　　　　　Defendant. | No. CR-18-01695-005-TUC-JAS (EJM)<br><br>**ORDER** |

Pending before the Court is Defendant Michael Williams' Motion for Review of Magistrate Judge's Detention Order (Doc. 2208) and the Government's Response in Opposition (Doc. 2223). Upon review of the complete record, including Magistrate Judge Markovich's Detention Order (Doc. 2195) and its underlying pleadings (Docs. 2138, 2150, and 2163), the Court concludes that Defendant's pretrial incarceration does not constitute a due process violation. As such, Defendant's motion is DENIED.

## I. BACKGROUND

Defendant moves this Court to release him from pretrial incarceration on the grounds that his due process rights are being violated. At the time of this Order, Defendant has been incarcerated more than 48 months awaiting his trial for numerous RICO charges including murder and drug- and firearms-related offenses. Pretrial delays stem from extensive motions practice, discovery disputes, and the prosecution's still-pending interlocutory appeal. Defendant Williams' trial is currently scheduled for March of 2023, at which time he will have been incarcerated nearly 5 years.

## II. DISCUSSION

Lengthy pretrial detention violates a defendant's due process rights when it becomes punitive, rather than regulatory, or is no longer proportional to a regulatory purpose. *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021). Legitimate regulatory purposes include preventing danger to the community and ensuring a defendant will not abscond before trial. *See Id*. at 709-10. Despite these and other regulatory interests, there is a point at which pretrial detention violates a defendant's due process rights, regardless of the risks releasing a defendant may pose. *Id*. at 710. That point is to be determined on a case-by-case basis. *Id*. at 708 (citing *United States v. Gelfuso*, 838 F.2d 358, 359-60 (9th Cir. 1988)).

The Ninth Circuit established in *Torres* a three-part analysis for determining when pretrial detention violates a defendant's due process rights. 995 F.3d at 708. Courts are to weigh: "(1) the length of the defendant's pretrial detention; (2) the prosecution's contribution to the delay; and (3) the evidence supporting the detention under the Bail Reform Act." *Id*.

### 1. Length of Defendant's Pretrial Detention

It is beyond dispute that Defendant's pretrial detention of over 48 months is troubling and poses serious due process concerns. In *Torres*, The Ninth Circuit found a shorter detention—of 21 months—approached "the limits of what due process can tolerate." *Id*. at 709. *Torres*, however, is not directly comparable to this case.

At its peak, this case had 19 defendants, all charged with differing degrees of involvement in a sophisticated criminal enterprise. Naturally, litigating such a case takes more time than simpler matters. Much of this delay has occurred during discovery, where the parties have had to sift through voluminous disclosures amounting to hundreds of thousands of pages and several terabytes of data. All this material, as expected, led to many disputes which have been and continue to be litigated. *Torres*, in contrast, only features a single defendant.

In more complex cases, longer pretrial detention periods are permissible, and may in fact be necessary for the parties to properly litigate those cases. The Northern District of

California found no due process violation when a defendant had been incarcerated for over two-and-a-half years on charges of RICO conspiracy and murder and when the delay was partly due to the prosecution filing two interlocutory appeals. *United States v. Elmore*, 2016 WL 6427911, at *1 (N.D. Cal. Oct. 31, 2016). The Ninth Circuit upheld this decision. *United States v. Elmore*, 2016 WL 10520758 (9th Cir. Dec. 12, 2016).

Although *Elmore* precedes *Torres*, the *Elmore* court's analysis addresses the concerns raised in *Torres*. The court weighed the regulatory goals of detention against the length of pretrial incarceration (comparable to the first *Torres* factor), noted the prosecution's contribution to pretrial delays (the second *Torres* factor), and considered any danger the defendant posed to the community (analogous to the third *Torres* factor). *Elmore*, WL 6427911, at *1-2 (N.D. Cal. Oct. 31, 2016).

The *Elmore* court anticipated the defendant's pretrial incarceration would last longer than three years, but that is still significantly shorter than the delay in this case. As such, the length-of-pretrial-delay factor weighs against continued detention in this case, but not as much as a direct comparison to the delay in *Torres* might indicate. Also, given the complexity of this case, the delay has not reached a point where due process necessitates release despite the danger it may pose. The other two factors are still in play.

**2. Prosecution's Contribution to the Delay**

Defendant argues that Judge Markovich mischaracterized this factor as weighing against a defendant whenever a defendant bears any responsibility for pretrial delays. To the extent one could read Judge Markovich's order that way, this Court clarifies that the second *Torres* factor only weighs *the prosecution's* contribution to pretrial delays. In *Torres*, this factor weighed in favor of continued detention because the prosecution bore *no responsibility* for pretrial delays. *See Torres*, 995 F.3d at 709. Here, both parties agree that the prosecution is at least somewhat responsible for delays, but they disagree as to the extent of responsibility and the permissibility of those delays. *See* Transcript of Dec. 14, 2022 Oral Argument, at 13, lines 17-18 ("… at the beginning of the case, the disclosure was not handled the way that we would like obviously.")

This factor weighs slightly in favor of releasing Defendant because the prosecution bears some responsibility for the delay. Still, given the complexity of this case, lengthy pretrial litigation is not unreasonable. This Court will not exhaustively review each possible source of pretrial delay as all parties bear some responsibility. None of the prosecution's actions rise to a level of severity that warrant giving this factor outsized weight in the balancing test.

### 3. Evidence Supporting Detention Under the Bail Reform Act

The Bail Reform Act has this Court consider the following:

(1) the nature and circumstances of the offense charged…; (2) the weight of the evidence against the [defendant]…; (3) the history and characteristics of the [defendant]…; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).

*a. Nature and circumstances of the offense charged*. Defendant is charged with RICO murder and a litany of drug- and firearms-related crimes. He is facing a possible lengthy sentence, including the potential for life imprisonment. All his charges relate to actions he took as part of an organized criminal organization. These facts are deeply troubling and raise serious and legitimate concerns about what the Defendant might do if released before trial.

*b. Weight of the evidence against Defendant*. The government intends to introduce testimony placing Defendant at the scene of a rival gang member's murder, and testimony indicating the Defendant would kill other rival gang members if released. Defendant has questioned the reliability of this testimony and other evidence the government means to use against Defendant. This Court need not determine whether the government's evidence is strong enough to carry this prong of the Bail Reform Act analysis as the other prongs weigh decisively in the government's favor.

*c. History and characteristics of the defendant*. Defendant has a felony criminal record, has been unemployed since at least 2012, and has failed to make required court

appearances in the past. Although Defendant has strong ties to the Tucson community, the government persuasively argues that these ties are primarily to criminal associates. These facts all weigh in favor of detaining Defendant.

*d. Danger to the community should Defendant be released*. The Court believes Defendant poses a serious threat to the safety of the community. Defendant faces life imprisonment if convicted, giving him ample motivation to abscond from justice or engage in other criminal activities should he be afforded that opportunity. Defendant has strong ties to organized crime, which would further enable flight or additional crimes. Defendant's history of not attending mandatory court proceedings indicates that he has no personal qualms about further evading justice. Defendant's lack of employment history indicates that he may return to crime to fund his lifestyle if released. These facts, along with Defendant's criminal history and the serious nature of Defendant's charges in this case, suggest that his release creates a serious flight risk and a palpable danger to the safety of members of this community.

In sum, the Bail Reform Act analysis weighs decisively against releasing Defendant. Although the strength of some the evidence against Defendant is questionable, the crimes with which Defendant is charged are serious and his history and personal characteristics mean his release would create a substantial risk to the community and risk of flight.

### III. CONCLUSION

On balance, the *Torres* factors weigh against releasing Defendant at this time. Although his pretrial incarceration has lasted a worryingly long time, given the complexity of this case, it has not reached a level that due process cannot countenance. So, although this factor alone does not justify releasing Defendant, there is a point at which it will. The government is warned that this point is rapidly approaching.

The prosecution bears some responsibility for the pretrial delays, so this factor weighs in favor of release. Still, the prosecution's role in delays is justifiable given the complexity of this case and the practices of the defendants. So, although this factor favors release, it does so only slightly.

Finally, the Bail Reform Act analysis decisively favors continued pretrial incarceration. Defendant poses a serious threat to the safety of the community and is a major flight risk should he be released. Right now, this factor alone is enough to outweigh other two, as neither of the other *Torres* factor so decisively favors one side of this dispute. But again, the Court must warn the government that the balance is teetering between detention and release. As the Ninth Circuit said in *Torres*, there comes a point when due process mandates release despite the associated risks.

Dated this 16th day of December, 2022.

Honorable James A. Soto
United States District Judge